**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| DAVID W. SVETE,                                   : | |
|     Plaintiff,                                           : | Case No.  3:07CV0197 |
| vs.                                                         : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| CHERNESKEY HEYMAN<br>& KRESS, *et al*.,           : | |
|                                                              : | |
|     Defendants.                                       : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff David W. Svete, an inmate in custody at the Elkton Federal Correctional Institution (Elkton FCI) near Lisbon, Ohio, brings this case *pro se* raising seventeen claims for relief against his former attorneys and their law firm.  Plaintiff's Complaint asserts subject matter jurisdiction based on the diversity of citizenship (Doc. #3 at p.2), and his claims for relief are based on state civil law.  For example, he raises claims of breach of contract, negligent misrepresentation, misrepresentation, fraud, and civil conspiracy. (Doc. #3 at pp. 55-66).

Plaintiff alleges that his former attorneys caused him enormous financial harm and potential legal liability.  His first through eleventh claims for relief each allege damages in excess of $125,000,000; his twelfth through fifteenth claims do not specify an amount of damages; and his sixteenth claim for relief seeks damages in excess of $500,000,000.  (Doc. #3

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

at pp. 55-87). Thus, accepting Plaintiff's allegations as true, the named defendants have caused him in excess of 1.875 billion dollars in damages.

Most importantly for present purposes, Plaintiff's seventeenth claim for relief claims "WRONGFUL INCARCERATION/WRONGFUL LOSS OF LIBERTY." (Doc. #3 at p. 88) (capitalization in original). In support of this claim, Plaintiff alleges, in part, "The actions and inactions of the Defendants are directly responsible for Mr. Svete's lengthy (200) month federal prison sentence.... As a direct and proximate cause of the Defendants' actions and inactions, Mr. Svete has been damaged by being wrongfully incarcerated, and wrongfully losing his liberty." (Doc. #3 at ¶s 496-97). Plaintiff explains the basis of his incarceration as follows:

> 128. In March 2005, Mr. Svete was convicted by a jury trial in the Northern District of Florida.
>
> 129. In June 2005, Mr. Svete was sentenced to (200) months in Federal Prison. A self-surrender date of Monday, 08-15-05 was ordered by the Judge.
>
> 130. Mr. Svete continues to maintain his innocense in said criminal case, and his conviction is currently under Direct Appeal. Such conviction is therefore not a final judgment, and it is expected to be reversed upon Direct Appeal.
>
> * * *
>
> 148. On Monday, 08-15-05, Mr. Svete self-surrendered to Federal Prison at Elkton, FCI, in Lisbon, Ohio, pending the Direct Appeal of his criminal conviction in the Northern District of Florida.

(Doc. #3 at p. 20, 22).

In the present case, this Court granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. #2). The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a named defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). If the Complaint suffers from one or more of these deficiencies, 28 U.S.C. §1915(e)(2)(B) mandates its dismissal.

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – it appears "'beyond a doubt that the plaintiff can prove

3

no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Accepting as true Plaintiff's *pro se* allegations and liberally construing them in his favor, *see Miller*, 50 F.3d at 377, his Complaint fails to raise a cognizable claim. The critical fact Plaintiff alleges in support of each claim for relief is that he is actually innocent of the crime(s) for which he is presently incarcerated at Elkton FCI. Consequently, none of Plaintiff's claims are cognizable unless his conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by either the United States Court of Appeals or the United States Supreme Court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Until one of these events occurs, Plaintiff's claims are not cognizable in a separate civil action. *See Heck*, 512 U.S. at 486-87; *see also Wood v. Balisok*, 520 U.S. 641, 648 (1997).

Accordingly, 28 U.S.C. §1915(e)(2)(B) mandates dismissal of Plaintiff's Complaint.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED; and

2. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. This case be terminated on the docket of this Court.

June 5, 2007                                                    s/ Sharon L. Ovington
                                                                                   Sharon L. Ovington
                                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).