IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


DAVID SVETE,                                    :

       Plaintiff,                        :
                                                            Case No. 3:07cv197
       vs.                               :
                                                            JUDGE WALTER HERBERT RICE
CHERNESKEY, HEYMAN &                :
KRESS, et al.,                                  :

       Defendants.                       :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #4) AND SUSTAINING
PETITIONER'S OBJECTIONS (DOC. #7) THERETO; CAPTIONED CAUSE
RECOMMITTED

---

      Plaintiff David Svete ("Plaintiff") is incarcerated in at FCI Elkton, as a result

of having been convicted of fraud in the Northern District of Florida.  See United

States v. Svete, Case No. 3:04-cr-10-001 (N.D.Fla).[1]  He brings this litigation, pro

se, against the law firm which is alleged to have represented him in a receivership

action, Davis v. Lifetime Capital, Inc., Case No. 3:04cv059 (S.D.Ohio).[2]  See

---

[1]Plaintiff has been sentenced to a 200-month term of incarceration.  See Plaintiff's
Complaint (Doc. #3) at ¶ 129.

[2]Both the criminal prosecution and the receivership arose out of Plaintiff's operation
of Lifetime Capital, Inc.  Herein, for instance, Plaintiff alleges that the Receiver
testified against him in his criminal trial, as a result of obtaining "bogus"

Doc. #3 at ¶ 66. In his 93-page, 17-count Complaint (Doc. #3), Plaintiff has set forth claims exclusively arising under the law of Ohio. Thus, he alleges that this Court can exercise diversity jurisdiction herein. Id. at ¶ 1.

United States Magistrate Judge Sharon Ovington has recommended that this Court dismiss Plaintiff's claims, as barred by the doctrine established by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), because the "critical fact Plaintiff alleges in support of each claim for relief is that he is actually innocent of the crime(s) for which he is presently incarcerated at Elkton FCI." See Doc. #4 at 4. The Magistrate Judge noted that his conviction has not been reversed or otherwise declare invalid. Id. The Plaintiff has objected to the Report and Recommendations. See Doc. #7. Since Heck does not apply to this action, the Court sustains the Plaintiff's Objections (Doc. #7) to the Report and Recommendations of the Magistrate Judge (Doc. #4).

In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court explained its holding in Heck:

> In Heck, the Court considered a different, but related, circumstance. A state prisoner brought a § 1983 action for damages, challenging the conduct of state officials who, the prisoner claimed, had unconstitutionally caused his conviction by improperly investigating his crime and destroying evidence. 512 U.S., at 479. The Court pointed to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Id., at 486. And it held that where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," id., at 481-482, a § 1983 action will not lie "unless … the conviction or sentence has already been invalidated," id., at 487. The Court then added that, where the § 1983 action, "even if successful, will not demonstrate the invalidity of any outstanding criminal

_____

information in the receivership action, due to the Defendants' alleged improprieties. See Doc. #3 at ¶¶ 200 and 278.

judgment ..., the action should be allowed to proceed."  Ibid. (footnote omitted).

Id. at 80.  Thus, in Heck, the Court indicated that the doctrine established therein is applicable to actions filed under 42 U.S.C. § 1983.  Neither Heck nor any other decision by a federal court has extended that doctrine to diversity actions setting forth state law claims against an attorney, such as this litigation.  On the contrary, in Levine v. Kling, 123 F.3d 580 (7th Cir. 1997), a diversity, malpractice action by a prisoner against his former attorney, whose conviction had not been reversed or set aside on collateral review, the Seventh Circuit concluded that the issue of whether that conviction prevented plaintiff from proceeding with his malpractice action must be resolved under state law.  Thus, in resolving that question, the Seventh Circuit did not rely on the doctrine established in Heck.[3]

Accordingly, Court rejects the Report and Recommendations of the Magistrate Judge (Doc. #4) and sustains the Plaintiff's Objections (Doc. #7) thereto.  This matter is recommitted to Judge Ovington.  Upon recommittal, that judicial officer should ensure that complete diversity exists between the parties.  Although the Plaintiff alleges that he is a citizen of Texas (see Doc. #3 at ¶ 2), this Court notes that he is incarcerated in a federal prison located in Ohio for crimes

_____

[3]In Blackwell v. Gorman, 142 Ohio Misc.2d 50, 870 N.E.2d 1238 (2007), the Franklin County Common Pleas Court discussed the impact of the plaintiff's previous criminal conviction for federal securities law violations, in the Eastern Division of the Southern District of Ohio, on his malpractice action arising out of that conviction against the attorneys who had represented him criminal prosecution.

- **3** -

committed in connection with his corporation which had its principal place of business located in this state.


February 4, 2008

/s/ Walter Herbert Rice

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

David Svete, Pro Se
Judge Sharon Ovington.