IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID W. SVETE,

    Plaintiff,

vs.    Case No. 3:07cv197

CHERNESKEY, HEYMAN    JUDGE WALTER HERBERT RICE
& KRESS, P.L.L., et al.,

    Defendants.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE, FILED DECEMBER 16, 2009 (DOC. #69), THIS COURT NOTING THAT NO OBJECTIONS THERETO HAVE BEEN FILED; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF HEREIN; DIRECTIVE TO CLERK OF COURT'S OFFICE; TERMINATION ENTRY

---

On December 16, 2009, this Court adopted the Report and Recommendations of the United States Magistrate Judge, filed November 24, 2009 (Doc. 69), noting as it did so that no objections to said judicial filing had been filed by Plaintiff (Doc. #70). This Court's Decision and Entry adopting the aforementioned Report and Recommendations was journalized by a clerk's judgment, filed January 6, 2010 (Doc. #71). On January 14, 2010, the Defendant filed a Motion for Reconsideration (Doc. #72), setting forth, *inter alia*, the fact that he had been in Administrative Segregation, separated from his legal papers, and, accordingly, been unable to

respond to the Magistrate's Report and Recommendation within the proper time period. The Magistrate Judge, on June 1, 2010, found Plaintiff's Motion for Reconsideration to be well taken and granted same, pursuant to Fed. R. Civ. P. 60(b)(1), based upon excusable neglect. Objections were ordered filed on or before June 21, 2010 (Doc. #73). On June 24, 2010, three days subsequent to the due date of the objections, Defendant filed a Motion to Stay (Doc. #76), again setting forth his inability, for similar reasons, to timely respond to the Court's deadline. The Defendant's Motion to Stay was sustained by the Magistrate Judge, on July 1, 2010, giving Plaintiff until on or before August 5, 2010, to file his objections to the Report and Recommendations or, in the alternative, in the event that Plaintiff remained in the Special Housing Unit (Administrative Segregation) and under Administrative Custody, without access to any of his legal materials, he should file a motion for further extension of time on or before the aforesaid August 5, 2010 (Doc. #77).

On September 7, 2010, one month and two days past the due date, Plaintiff filed Objections to the Magistrate Judge's July 1, 2010, Order granting his stay of proceedings until August 5, 2010 (Doc. #78), and, on the same date, renewed his Emergency Motion for Stay and/or Continuance of Proceedings or, in the alternative, Motion for Enlargement of Time to File Objections to the Report and Recommendations (Doc. 79), again setting forth his period of time spent in Administrative Segregation and the effects of his transfer to FCI Big Spring, Texas, on his ability to respond in timely fashion. On May 24, 2011, the Magistrate Judge

denied Plaintiff's Renewed Emergency Motion for Stay and/or Continuation of Proceedings or, in the alternative, Motion for Enlargement of Time to File Objections to the Report and Recommendations (Doc. #82). That decision was mailed to the Plaintiff at his new address in Big Spring, Texas and was not returned. Accordingly, the Court engages in the presumption that said Order denying his renewed Motion for Stay, etc., was delivered to him at his residence at FCI Big Spring, Texas. Since that date, over four months ago, this Court has heard nothing from the Plaintiff.

Accordingly, based upon the aforesaid, this Court concludes that it (as well as Judge Ovington) has been very accommodating to Plaintiff's particular needs and that, unfortunately, he has abused that privilege and forfeited his right to file objections in this matter. Having thoroughly reviewed Judge Ovington's eighteen page Report and Recommendations, filed November 24, 2009 (Doc. #69), and, further, noting that no objections thereto have been filed, adopts said Report and Recommendations in their entirety, based upon the reasoning and citations of authority set forth therein, as well as upon a thorough *de novo* review of this Court's file and the applicable law. Having adopted the Report and Recommendations of the United States Magistrate Judge (Doc. #69) in full, this Court also sustains Defendants' Motion for Summary Judgment (Doc. #54), denies Plaintiff's Motion to Compel (Doc. #62), denies Plaintiff's *pro se* Motion for Continuance pursuant to Rule 56(f) (Doc. #65), denies as moot Plaintiff's Motion for Ruling on two motions pending before the Court (Doc. #60) and denies Plaintiff's Motion for the Court to direct the

United States Marshal to serve remaining unserved Defendants (Doc. #61).

A review of this Court's docket notes that it reflects that on September 7, 2010, Plaintiff filed Objections to Report and Recommendations filed by the Magistrate Judge at Doc. #69 and #77. A review of this filing by the Court reveals that the objections were only to Doc. #77, not to docket #69. Indeed, no objections have been filed to the Magistrate Judge's Report and Recommendations of November 24, 2009, filed at Doc. #69. This Court requests the Clerk of Court's Office to correct the docket entry accordingly.

Further, given that this matter should have been reactivated upon this Court's docket as soon as Judge Ovington sustained Plaintiff's Motion to Reconsider on June 1, 2010 (Doc. #73), it is the order of this Court that the Office of the Clerk of Courts immediately reactivate the captioned cause, *nunc pro tunc*, June 1, 2010, and then terminate the case pursuant to this Court's order.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 26, 2011        /s/ Walter Herbert Rice
                                          WALTER HERBERT RICE
                                          UNITED STATES DISTRICT JUDGE

Copies to:

David W. Svete, *pro se*
Counsel of record